

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



NATIONAL HEALTH FINANCE DM, LLC,
an Arizona limited liability company,

    Plaintiff,

vs.

CASE NO.:

SEA SPINE ORTHOPEDIC INSTITUTE, LLC,
a Florida limited liability company, and
ANDREW JOSHUA APPEL, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, National Health Finance DM, LLC (hereinafter, "**NHF**"), by and through its undersigned counsel, sues the Defendants, Sea Spine Orthopedic Institute, LLC (hereinafter, "**Sea Spine**") and Andrew Joshua Appel (hereinafter, "**Appel**"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, NHF, is an Arizona limited liability company. NHF's sole member is National Health Finance Holdco, LLC. National Health Finance Holdco, LLC's sole member is Law Finance, Ltd., a publicly traded Australian company. Thus, for purposes of diversity jurisdiction, NHF is a citizen of Australia.

2. NHF is a national medical finance company that specializes in providing immediate working capital to companies in the medical industry in exchange for the company assigning NHF certain of its account receivables by way of a medical lien.

3. Defendant, Sea Spine, is a Florida limited liability company and citizen of Florida transacting business in Broward County, Florida, with its principal place of business located at 3107 West Hallandale Beach Blvd., Unit 100, Pembroke Park, Florida 33609.

4. Defendant, Andrew Joshua Appel, is the sole member and owner of Sea Spine. Appel is a citizen of Florida.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. The Court has personal jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a) and the exercise of personal jurisdiction over Defendants in Florida does not violate the Due Process Clause of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because Defendants reside in this district.

## GENERAL ALLEGATIONS

8. In January 2012, NHF and Sea Spine's relationship began with the parties entering into a Medical Lien Servicing Contract wherein NHF purchased from Sea Spine certain medical liens owed by Sea Spine (the **"Accounts"**) in exchange for payment from NHF (**"Original Agreement"**).[1] A true and correct copy of the Original Agreement is attached hereto as **Exhibit A**.[2] While Sea Spine granted all rights and privileges in the Accounts to NHF under the terms of

---

[1] While the parties appear to have started discussions in January 2012, it does not appear the effective date of the Original Contract was until April 24, 2012.

[2] Contemporaneously with the filing of this Complaint, NHF is filing a Motion to File Under Seal, as the contracts attached as exhibits all include confidentiality provisions that mandate the contracts be kept confidential.

the Original Agreement, Sea Spine agreed to remain obligated to monitor each Account and collect the Accounts for the benefit of NHF. Sea Spine further agreed to immediately remit any and all monies received on the Account(s) directly to NHF.

9. On April 24, 2012,[3] NHF and Sea Spine entered into an Amended Medical Lien Servicing Contract ("**Amended Agreement**") which superseded the Original Agreement and became the binding contract between the parties. Appel signed the Amended Agreement as both Sea Spine's CEO and individually thereby agreeing that both Sea Spine and he personally are jointly and severally liable for all amounts due and owing under the Amended Agreement. A true and correct copy of the Amended Agreement is attached hereto as **Exhibit B**.

10. On January 8, 2013, NHF and Sea Spine entered into the First Amendment to Amended Medical Lien Servicing Contract ("**January 2013 Amendment**"). This amendment only modified certain provisions of the Amended Agreement as expressly provided therein. Again, Appel signed the January 2013 Amendment both as Sea Spine CEO and individually on behalf of himself. He also initialed each page in that capacity. A true and correct copy of the January 2013 Amendment is attached hereto as **Exhibit C**.

11. On December 1, 2013, NHF and Sea Spine entered into the Second Amended Medical Lien Servicing Contract ("**Second Amended Agreement**"). The Second Amended Agreement governed Defendants' responsibilities and payment obligations with respect to all accounts sold and assigned to NHF on or after December 1, 2013. A true and correct copy of the Second Amended Agreement is attached hereto as **Exhibit D**.

---

[3] While this Contract related back to April 2012, it doesn't appear to have actually been executed until September 14, 2012.

3

12. The Second Amended Agreement did not modify, supersede, or otherwise disturb Defendants obligations to NHF under the Amended Agreement, and the various amendments thereto.

13. Appel signed the Second Amended Agreement as both Sea Spine's CEO and individually thereby agreeing that both Sea Spine and he personally are jointly and severally liable for all amounts due and owing under the Second Amended Agreement.

14. On January 9, 2014, NHF and Sea Spine entered into the First Addendum to The Second Amended Medical Lien Servicing Contract ("**January 2014 Amendment**"). A true and correct copy of the January 2014 Amendment is attached hereto as **Exhibit E**.

15. The January 2014 Amendment modified Defendants' payment obligations under the Second Amended Agreement with respect to certain Accounts specifically referenced and identified in the January 2014 Amendment. Appel executed the January 2014 Amendment as both CEO and in his individual capacity.

16. On or about February 1, 2014, NHF and Sea Spine entered into the Superseding Medical Lien Servicing Contract ("**Superseding Agreement**"). The Superseding Agreement superseded and replaced all previous agreements between NHF and Defendants and set forth Defendants payment and other obligations to NHF given Defendants' failure to preform and defaults under the Amended Agreement and Second Amended Agreement. A true and correct copy of the Superseding Agreement is attached hereto as **Exhibit F**.

17. Appel signed the Superseding Agreement as both Sea Spine's CEO and individually thereby agreeing that both Sea Spine and he personally are jointly and severally liable for all amounts due and owing under the Second Amended Agreement.

18. On April 30, 2016, NHF and Sea Spine entered into the Amended Superseding Medical Lien Servicing Contract ("**Amended Superseding Agreement**"). The parties entered into the Amended Superseding Agreement in order to simplify Defendants' payment obligations regarding both past and future accounts and to resolve Defendants' payment defaults under the Superseding Agreement. A true and correct copy of that Amended Superseding Agreement is attached hereto as **Exhibit G**.

19. Appel signed the Superseding Agreement as both Sea Spine's CEO and individually thereby agreeing that both Sea Spine and he personally are jointly and severally liable for all amounts due and owing under the Superseding Agreement.

20. Through the Amended Superseding Agreements, Defendants affirmed that they owed NHF that amount of $8,687,280.68. Defendants further affirmed and admitted that they were in breach of their contractual payment obligations to NHF and agreed to enter into the Superseding Agreement to resolve those payment defaults by paying to NHF all amounts due and owing in accordance with the payment plan set forth in paragraph 3(f) of the Amended Superseding Agreement.

21. Defendants breached their obligation to NHF under the Amended Superseding Agreement by failing to timely satisfy its payment obligations set forth in paragraph (3)(f).

22. In an effort to resolve Defendants' breaches, NHF agreed to modify the payment plan set forth in the Amended Superseding Agreement on three (3) separate occasions culminating with the execution of the Third Amendment Superseding Medical Lien Serving Contract dated April 22, 2020 ("**Third Amended Superseding Agreement**"). A true and correct copy of the Third Amended Superseding Agreement is attached hereto as **Exhibit H**.

23. Sea Spine and Appel, individually and personally, executed the Third Amended Superseding Agreement and both agreed to be bound by the payment obligations set forth therein.

24. Through the Third Amended Superseding Agreement, the parties affirmed that Defendants owed NHF the principal balance of $6,483,514.31 and further provided that Defendants would repay this amount in accordance with the payment plan set forth in paragraph 1 of the Third Amended Superseding Agreement.

25. On June 15, 2020, Defendants defaulted in their obligations under the Third Amended Superseding Agreement by failing to make the June 15, 2020, payment in the amount of $225,000.00, and all subsequent payments required by the Third Amended and Superseding Agreement (the **"Default"**).

26. Notwithstanding the Default and increasing balance owed, Defendants have continued to collect on the Accounts but have failed to remit and forward any of these funds to its rightful owner, NHF. NHF has had numerous communications with Defendants in an effort to resolve this dispute but the Defendants' ongoing failure to make a payment as required by the Third Amended Superseding Agreement and Defendants' failure to forward monies collected on behalf of NHF affirms their breach of contract.

27. On December 29, 2020, NHF served Sea Spine with a formal Notice of Default and Demand for Payment (the **"Demand Notice"**) informing Defendants of their default and providing them with an opportunity to cure the same. A true and correct copy of the Demand Notice is attached hereto as **Exhibit I** and is incorporated herein by reference.

28. Following transmittal of the Demand Notice and despite several communications with Defendants, Defendants did not cure the Default and continue to fail to make any payments under the Third Amended Superseding Agreement.

29. From inception of NHF's relationship with Defendants, Defendants have made numerous misrepresentations to NHF regarding collection of the Accounts and remittance of funds to NHF. It appears that Defendants never intended to pay NHF back for the purchased Accounts despite continuing to collect on them. Defendants continued collection of the Accounts without making payment to NHF constitutes a breach of the Superseding Agreement as amended.

30. The outstanding principal balance due and owing to NHF under the Third Amended Superseding Agreement as of February 1, 2021, is approximately $6,974,274.41, which continues to accrue interest, plus attorneys' fees and costs, and other recoverable expenses owed under the Superseding Agreement, as amended.

31. NHF has retained the undersigned law firm to represent it in this case and is obligated to pay it a reasonable fee for its services. Pursuant to the terms of the Superseding Agreement, as amended, NHF is entitled to recover in this action from Defendants all attorneys' fees and costs incurred by NHF as a result of the Default.

32. All conditions precedent to bringing of this action have occurred, been performed or been waived.

33. The Contracts are governed by, and shall be construed, interpreted, and enforced in accordance with the laws of the State of Arizona.

## COUNT I
## BREACH OF CONTRACT

34. This is an action against Sea Spine and Appel to recover damages for breach of contract in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

35. NHF incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

36. On April 22, 2020, NHF and Defendants entered into the Third Amended Superseding Agreement in an effort to resolve Defendants' previous contractual breaches and to modify the payment plan set forth in the Amended Superseding Agreement. Except as modified by the Third Amended Superseding Agreement, all other provisions, guarantees, and warranties in the Superseding Agreement were unmodified and remained unchanged and in full force and effect.

37. NHF has performed all of its obligations in accordance with the terms and conditions of the Third Amended Superseding Agreement and all prior agreements.

38. Sea Spine materially breached and defaulted under the Third Amended Superseding Agreement by failing to timely pay NHF all amounts due and owing to NHF as provided for in the Third Amended Superseding Agreement.

39. Appel materially breached and defaulted under the Third Amended Superseding Agreement by failing to timely pay NHF all amounts due and owing to NHF as provided for in the Third Amended Superseding Agreement.

40. Defendants further breached the Third Amended Superseding Agreement by continuing to collect on the Accounts and failing to remit payment to NHF.

41. NHF has suffered damages as a direct result of Defendants' conduct. The outstanding principal balance due and owing to NHF under the Third Amended Superseding Agreement as of February 1, 2020, is approximately $6,974,274.41, which continues to accrue interest, plus attorneys' fees and costs, and other recoverable expenses owed under the Superseding Agreement, as amended.

WHEREFORE, NHF demands judgment in its favor and against Sea Spine and Appel, individually, for damages, including interest, late fees, attorneys' fees and costs, and other

recoverable expenses, together with such other and further relief as this Court deems just and proper.

DATED this 18th day of February 2021.

/s/ Patrick M. Mosley

Patrick M. Mosley
Florida Bar No. 0033735
Nicole D.D. Walsh
Florida Bar No. 0111961
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
Telephone:   (813) 221-3900
Facsimile:   (813) 221-2900
E-Mail:   patrick.mosley@hwhlaw.com
E-Mail:   nicole.walsh@hwhlaw.com
E-Mail:   tricia.elam@hwhlaw.com
*Attorneys for Plaintiff*