UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60405-CIV-ALTMAN/Hunt

NATIONAL HEALTH FINANCE DM, LLC,

    *Plaintiff*,

v.

SEA SPINE ORTHOPEDIC INSTITUTE, LLC,
*and* ANDREW JOSHUA APPEL,

    *Defendants*.

_____/

## ORDER

The Plaintiff filed an Unopposed Motion for Attorneys' Fees and Costs (the "Motion") [ECF No. 73]. The Court referred that Motion to United States Magistrate Judge Patrick M. Hunt. *See* Order of Referral [ECF No. 74]. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 78] (the "R&R"), in which he determined that the Motion should be granted. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 3. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's

intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 78] is **ACCEPTED and ADOPTED** in full.

2. The Motion for Attorneys' Fees [ECF No. 73] is **GRANTED**. The Plaintiff shall be awarded attorneys' fees in the amount of $82,624, and costs in the amount of $4,501.37, for which sum execution shall now issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 17th day of August 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record